**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2921-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TROY REEVES, a/k/a
ANTHONY REEVES, and
TROY ANTHONY REEVES,

    Defendant-Appellant.

_____

Submitted March 13, 2019 – Decided March 25, 2019

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 03-02-0223 and 05-02-0191.

Troy Reeves, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Troy Reeves, appeals from an order denying his second petition for post-conviction relief (PCR). We affirm.

This is the background. In December 2005, a jury convicted defendant of first-degree robbery, N.J.S.A. 2C:15-1, and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), for severely beating the victim and stealing his wallet. A judge sentenced defendant to concurrent prison terms aggregating fifteen years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed the conviction but remanded so the trial court could amend the judgement of conviction and merge the two crimes for purposes of sentencing. State v. Troy Reeves, No. A-3186-05 (App. Div. Mar.15, 2007), certif. denied, 191 N.J. 317 (2007) (slip op. at 1). In affirming, we rejected defendant's arguments that: (1) the verdict was against the weight of the evidence; (2) the judge should have charged "false in one, false in all"; and (3) the sentence was excessive. Id. (slip op. at 4).

Defendant next filed his first PCR petition. In his trial court brief, he alleged: (1) trial counsel was ineffective for not communicating with defendant on a timely basis; (2) trial counsel failed to request a Wade[1] hearing; (3) trial counsel failed to file a motion to suppress an umbrella from evidence; (4) he

---

[1] United States v. Wade, 388 U.S. 218 (1967).

A-2921-17T4

was denied the right to due process because the judge failed to instruct the jury on accomplice liability; (5) the verdict was against the weight of the evidence; (6) the sentence was excessive; and (7) defendant was denied due process because the judge failed to give the jury an instruction on the supplemental step element of the attempt charge. State v. Reeves, No. A-3037-08, (App. Div. June 8, 2010) (slip op. at 3-4), certif. denied, 204 N.J. 41 (2010).

The trial court denied defendant's petition. On appeal, defendant argued: (1) trial counsel's level of communication was so deficient it effectively deprived defendant of the opportunity to participate in his own defense; (2) appellate counsel was ineffective for failing to raise on direct appeal the trial court's failure to instruct the jury on accomplice liability; (3) appellate counsel was ineffective for failing to raise on direct appeal the trial court's failure to instruct the jury on a substantial element of the crime of attempt; and (4) the trial court erred by denying his PCR petition without an evidentiary hearing because he established a prima facie case of ineffective assistance of trial counsel. Id. (slip op. at 5-6). We affirmed the denial of defendant's first PCR petition. Id. (slip op. at 6).

In August 2017 – nearly seven years after the Supreme Court denied certification with respect to our opinion affirming the denial of his first PCR

3

petition – defendant filed this, his second PCR petition. The trial court dismissed this second PCR petition without an evidentiary hearing, finding the petition was procedurally barred and substantively devoid of merit. Defendant appealed. In his brief, he argues:

> THE RESPONDENTS ERRED IN BREACHING ITS CONSTITUTIONAL, JUDICIAL, AND OFFICIAL OATHS AND DUTIES OWED TO THE PLAINTIFF [sic].

In an "amended" brief, defendant adds:

> THE TRIAL COURT ERRED IN FAILING TO GRANT OR ADDRESS JAIL CREDITS OWED TO THE PLAINTIFF [sic].

We agree with the trial court that defendant's petition is procedurally barred. Defendant did not file the petition, as required by Rule 3:22-12(a)(2), within one year of any of the events triggering the one-year period for filing a second or subsequent PCR petition. Defendant's substantive arguments are so lacking in merit they do not warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2921-17T4